UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SARA PATE, Individually, and CARLY PATE, a minor, by Sara Pate, her Mother and Next Friend,

Plaintiffs,

v.

NATIONAL LEGAL LABORATORIES, INC. and ORCHID CELLMARK, INC.,

Defendants.

Case No. 09-cv-76-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court's June 15, 2009, order for the defendants to show cause why the Court should not decline jurisdiction and remand this case to state court or, in the alternative, stay this matter pending resolution of paternity and support issues in state court (Doc. 20). Defendants National Legal Laboratories, Inc. and Orchid Cellmark, Inc. have responded to the order (Docs. 21 & 22), and plaintiffs Sara Pate and Carly Pate have replied to that response (Doc. 23). The Court also considers the plaintiffs' prior filing (Doc. 19) in response to an erroneously issued order to show cause and the motion to remand embedded in the plaintiffs' response.

**I.      Background**

This is a negligence action alleging the defendants were negligent in conducting a paternity test and that the erroneous test results led to a 1997 judgment of dismissal in an Illinois state court paternity action by plaintiff Sara Pate against Gerald W. Spiller. In 2007, Spiller voluntarily acknowledged his paternity of Carly Pate, and in 2008, an Illinois court found that Spiller was Pate's father and established a child support payment schedule. The 2008 order did

not require any retroactive payment of child support for the time period prior to entry of that order.

In this lawsuit, the Pates seek as a measure of damages from the defendants the financial support to which she would have been entitled in the paternity action prior to the 2008 child support order had the paternity test not been conducted negligently. In its order to show cause, the Court noted that this case raises a host of jurisdictional and prudential issues: the *Rooker-Feldman* doctrine, the domestic relations exception to diversity jurisdiction and questions of abstention and comity. For the following reasons, the Court will not remand this case to state court.

**II.     Analysis**

    A.     <u>*Rooker-Feldman* Doctrine</u>

The *Rooker-Feldman* doctrine does not require remand. The *Rooker-Feldman* doctrine, established in the cases *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), prevents a party from attempting to relitigate in federal district court a judgment entered in state court. *Feldman*, 460 U.S. at 486; The *Rooker-Feldman* doctrine only applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Pate's case does not seek to relitigate and overturn a final, adverse state court judgment. In fact, she ultimately prevailed in her state court paternity action to establish Spiller as the father of her child, and nothing in this litigation seeks to undermine that determination or to remedy any injury caused by that judgment. Thus, the *Rooker-Feldman* doctrine does not apply

2

and does not bar the Court from hearing this case.

B.    Domestic Relations Exception

Neither does the domestic relations exception to federal diversity jurisdiction require remand. It is true that federal courts have long viewed the subject of domestic relations as belonging to the laws of the states, not the laws of the United States. *See In re Burrus*, 136 U.S. 586, 593-94 (1890); *Barber v. Barber*, 62 U.S. 582, 584 (1859) ("We disclaim altogether any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony. . . ."). Nevertheless, not all matters touching on domestic relations issues are out of federal court jurisdiction.

In *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), the United States Supreme Court confirmed that the long-observed domestic relations exception to federal jurisdiction indeed exists and "divests the federal courts of power to issue divorce, alimony, and child custody decrees," but held that it was limited to those three matters. *Id.* at 703. In *Ankenbrandt*, the plaintiff sued her ex-husband and his current girlfriend on behalf of the ex-spouses' children for sexual and physical abuse allegedly committed against those children. *Id.* at 691. The lower courts had invoked the domestic relations exception to federal jurisdiction, reasoning that the matter was between family members and would best be handled by a state court. *Id.* at 692. The Supreme Court reversed, noting that the dispute did not involve issuance of a divorce, alimony or child custody decree but instead a run-of-the-mill tort claim over which a federal court had diversity jurisdiction. *Id.* at 706-07. Thus, the Court confirmed the existence of the domestic relations exception but found it did not apply in the case before it.

Despite the apparent limiting language of *Ankenbrandt*, the Seventh Circuit has found the domestic relations exception to have a core and a penumbra:

3

> The core is occupied by cases in which the plaintiff is seeking in federal district court under the diversity jurisdiction one or more of the distinctive forms of relief associated with the domestic relations jurisdiction: the granting of a divorce or an annulment, an award of child custody, a decree of alimony or child support. . . . The penumbra of the exception consists of ancillary proceedings, such as a suit for the collection of unpaid alimony, that state law would require be litigated as a tail to the original domestic relations proceeding.

*Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998). Federal courts generally do not have the expertise or resources to provide the ongoing judicial supervision typically required in core domestic relations matters. *Ankenbrandt*, 504 U.S. at 703-04; *Lloyd v. Loeffler*, 694 F.2d 489, 492 (7th Cir. 1982). Nor is it an efficient use of judicial resources to have a federal court determine in ancillary domestic relations proceedings issues already familiar to the state court that conducted the initial core proceedings. *Lloyd*, 694 F.2d at 492. Furthermore, where a state judicial decree is subject to modification, allowing federal courts to rule on common issues risks inconsistent decrees or resolution of issues in piecemeal, duplicative or inexpert ways. *Id.* at 492-93.

The case at bar falls outside the domestic relations exception to federal diversity jurisdiction and should therefore not be remanded to state court on that basis. The pending negligence action is clearly not a core domestic relations proceeding because it does not seek a divorce, alimony or child custody decree.

It is further not in the penumbra of the core. None of the reasons justifying restraint in the penumbra and remand to state court apply in this case. While it is true that this Court does not have expertise in determining the appropriate amount of child support or the collateral resources typically attendant to state family courts, a remand would not send this case back to a state family court. On the contrary, after a remand, this case would be decided by a state court *jury*, *see* 750 ILCS 45/13(b), which is no better equipped to consider child support matters than a

4

federal court jury. In addition, because the matters at issue in this case concern the appropriate amount of *past* child support for a discrete period, there is simply no need for continuing judicial supervision. Thus, this Court is not handicapped by failing to have the supporting resources available to state family courts.

This forum is also no less efficient in resolving the issues in this particular case than the state court that would hear the case if it were remanded. Neither court has experience with the specific core domestic relations proceedings between Pate and Spiller that would inform or streamline a decision in this case.

Finally, it is highly unlikely that, whatever the result of this case, a state family court would issue an inconsistent ruling. While it is conceivable that the state family court monitoring Spiller's prospective child support obligations could modify its order to determine an appropriate amount of child support for the period before 2008, *see* 750 ILCS 45/14(b) ("The Court may order any child support payments to be made for a period prior to the commencement of the action."), the Court believes such a modification is highly unlikely more than a year after it issued its original child support order.

In sum, the rationale for leaving to state courts certain matters relating to domestic relations is simply not applicable in this case, a tort claim over which the Court otherwise has federal diversity jurisdiction.

C.     Abstention/Comity

Finally, in light of the fact that there is no ongoing state proceeding concerning child support for the discrete period at issue in this case and there are no "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case . . . at bar," *Colorado River Water Conservation Dist. v. United States*, 424

U.S. 800, 814 (1976), abstention from exercising jurisdiction is inappropriate.

## III. Conclusion

For the foregoing reasons, the Court will exercise jurisdiction over this case. The Court **DENIES** the motion to remand embedded in the plaintiffs' response (Doc. 23) and **DISCHARGES** the outstanding show cause order (Doc. 20).

**IT IS SO ORDERED.**
**DATED: August 3, 2009**

                         s/ J. Phil Gilbert
                         **J. PHIL GILBERT**
                         **DISTRICT JUDGE**